IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| BVS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CDW DIRECT, LLC, <br><br> Defendant. <br><br>------------------------------------------- <br><br> CDW DIRECT, LLC, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> NETAPP, INC., <br> ARROW ELECTRONICS, INC., <br> and TSSLINK, INC., <br><br> Third-Party Defendants. | No. C11-0079 <br><br> ORDER CONTINUING TRIAL AND ESTABLISHING NEW PRETRIAL DEADLINES |

This matter comes before the Court on the Motion to Strike Plaintiff's Additional Damage Claims or, in the Alternative, to Continue Trial and Establish New Deadlines as to Third-Party Defendant (docket number 56) filed by Third-Party Defendant Arrow Electronics, Inc. ("Arrow") on August 17, 2012; the Resistance (docket number 58) filed by Plaintiff BVS, Inc. on August 27, 2012; and the Reply (docket number 60) filed by Arrow on August 31, 2012. Defendant CDW Direct, LLC ("CDW") and Third-Party Defendants TSSLink, Inc. and NetApp, Inc. filed Joinders on August 22, August 31, and September 5, respectively. *See* docket numbers 57, 59, and 61. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

BVS brought this action on July 19, 2011, asserting breach of contract (Count I) and unjust enrichment (Count II). BVS claimed that CDW, Arrow, and TSSLink failed to deliver a functioning storage area network ("SAN") which BVS had purchased for $225,733.91. BVS sought "all compensatory and consequential damages, including the return of the purchase price, interest, costs, and any other further relief this Court deems equitable."[1] All three Defendants filed answers.

On November 16, 2011, the Court adopted a Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to an August 17, 2012 deadline for completion of discovery, with a trial ready date of January 14, 2013. In reliance on those deadlines, trial has been scheduled before Chief Judge Linda R. Reade beginning on January 22, 2013.

On December 15, 2011, BVS served its Rule 26 disclosures. Regarding the computation of damages, BVS' disclosure stated:

> 1. BVS seeks recovery of all monies paid to CDW: $225,733.91.
> 2. Investigation continues.
> BVS reserves the right to supplement this disclosure pursuant to Fed. R. Civ. P. 26(e), including documents supporting the same.

Plaintiff's Rule 26 Disclosures (document number 56-2) at 4.

On March 2, 2012, the Court granted BVS' motion to dismiss Arrow and TSSLink as Defendants. Three days later, on March 5, counsel for CDW took the deposition of BVS' president, Roy Karon. In response to questioning, Karon placed BVS' damages at "around $300,000."

> Q. What damages are you looking for in this case?
> A. Around $300,000.
> Q. And what do you base that on?

---

[1] Complaint (docket number 2) at 7.

2

> A. It's recovery, not damages. Damages, we might look for ten times the recovery.
> Q. What do you base the 300,000 on?
> A. About 225,000 in the money we gave NetApp and about $70,000 in our people's time for a wasted effort.

Deposition of Roy Karon (docket number 58-1); 83:3-10.

On March 15, 2012, the Court granted the parties' joint motion to extend the deadlines for adding parties, amending the pleadings, and disclosing expert witnesses. On April 16, BVS amended its complaint, without objection, and added claims for breach of express warranty (Count III), breach of implied warranty of merchantability (Count IV), breach of implied warranty of fitness for a particular purpose (Count V), fraud (Count VI) and fraudulent nondisclosure (also enumerated Count VI). In its first amended and substituted complaint, BVS seeks "compensatory and consequential damages, including the return of the purchase price, interest, costs, labor costs, punitive damages, and any other further relief this Count deems equitable."[2] That is, BVS added "labor costs" and "punitive damages" to the damages being sought.

On the following day, April 17, 2012, CDW filed a third-party complaint, bringing Arrow and TSSLink back into the action. Also named as a Third-Party Defendant was NetApp, Inc., a new party to the action. All three third-party defendants filed answers on June 25.

On August 6, 2012, BVS served CDW and the third-party defendants with amended Rule 26 disclosures. The "subject" of Roy Karon's information was supplemented to include the following:

> Mr. Karon also has knowledge regarding BVS' damages, including damages relating from delays in introducing a new product, damages resulting from labor costs associated with trying to resolve problems with the CDW SAN product, and damages resulting from CDW keeping BVS' money (which otherwise could have been invested for business grown).

---

[2] First Amended and Substituted Complaint (docket number 38) at 10.

3

Plaintiff's Amended Rule 26 Disclosures (docket number 56-3) at 2.

Regarding its computation of damages, BVS' amended disclosures state:

> BVS has undertaken a further damages analysis, and now identifies the following additional damages:
> a. Labor costs: $51,485
> b. Lost profits resulting from product delay: $6,508,080
> c. Lost opportunity cost to invest money paid to CDW: $109,913
> d. Punitive damages: Jury's discretion
> Total damages excluding punitive damages: $6,895,212

Plaintiff's Amended Rule 26 Disclosures (docket number 56-3) at 5.

When it served its supplemental disclosures on August 6, BVS revealed for the first time that it was seeking approximately $6.5 million for lost profits allegedly caused by a delay in launching a new product and approximately $110,000 for the "lost opportunity cost to invest money." In an affidavit submitted in resistance to the instant motion, Mr. Karon describes the reason for the recent disclosure.

> The reason BVS waited until the first week of August 2012 to specify these damages is that BVS did not release the new product, called a Customer Education Center, until July 31, 2012. Until BVS officially launched the product, BVS could not reasonably estimate the delay damages. BVS disclosed the damages within six days of product launch, two of which days fell on a weekend.

Affidavit of Roy Karon (docket number 58-2) at 2.

After Arrow discovered that the case had suddenly grown from a $300,000 dispute to a $6.9 million (excluding alleged punitive damages) dispute, it filed the instant motion.

## II. DISCUSSION

FEDERAL RULE OF CIVIL PROCEDURE 26(e) requires a party to supplement its Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." BVS argues that its August 6 amended disclosure was "timely" because it was made prior to the deadline for completion of

4

discovery (October 1). Arrow argues that the amendment was not "timely" because it came only 11 days prior to the deadline for disclosure of expert witnesses by the third-party defendants (August 17). In its joinder, CDW notes that the deadline for it to disclose expert witnesses was July 2. CDW asserts that if it had known BVS intended to increase its claim "to such an enormous extent," it would have retained an expert on the damages issue.[3] While it is seeking the alternative relief set forth in its motion, Arrow concedes in its reply that "BVS has complied with the letter of the rules and the scheduling order in this case."[4]

First, the Court easily concludes that CDW and the third-party defendants are entitled to relief. In its initial complaint and initial Rule 26 disclosure, BVS indicated that its damages were essentially limited to the amount it paid for the defective product. When the deposition of BVS' president was taken on March 5, 2012, he confirmed the initial claim and disclosed an additional claim was being made for labor associated with BVS' "wasted effort." When the complaint was amended on April 16, BVS included "labor costs" and "punitive damages" among the damages being sought. It was not until August 6, however, more than a year after the suit was filed, that BVS first identified any claim related to lost profits.

The Court believes that Mr. Karon's explanation for the delay in disclosing this additional item of damage is unpersuasive. Obviously, BVS must have known for a substantial length of time that it intended to release a new product. Furthermore, it knew that the release had been delayed, allegedly as a result of CDW's failure to install the required SAN. If Mr. Karon was able to estimate BVS' lost profits at $6.5 million just eight days after the new product was launched, the Court suspects he could have made a similar estimate sometime earlier. At the least, BVS could have timely alerted CDW and

---

[3] CDW's Joinder (docket number 57) at 2.

[4] Arrow's Reply (docket number 60) at 2.

5

the third-party defendants that it intended to make a claim for lost profits resulting from an alleged delay in releasing a new product.

Under these circumstances, it would be fundamentally unfair to hold CDW and the third-party defendants to the deadlines for disclosure of expert witnesses and to proceed to trial as scheduled. A plaintiff cannot sandbag a defendant by increasing its damages claim from $300,000 to $6.9 million (or more) after it's too late for the defendant to respond with expert testimony. Accordingly, the fighting issue is whether BVS should be prohibited from asserting a claim for lost profits, or whether the deadlines should be extended and the trial continued. The parties concede the Court has discretion to do either.

After carefully reviewing all of the facts and circumstances, the Court concludes that the alternative relief sought by Arrow should be granted. That is, the Court will extend the deadlines for disclosure of expert witnesses, completion of discovery, and filing dispositive motions. This will necessarily require a continuance of the trial now scheduled on January 22, 2013.

### III. ORDER

IT IS THEREFORE ORDERED that the Motion (docket number 56) filed by Third-Party Defendant Arrow Electronics, Inc. on August 17, 2012 is **GRANTED** as follows:

1. The deadline for CDW, NetApp, Arrow, and TSSLink to disclose expert witnesses is **EXTENDED** to **October 19, 2012**.

2. The deadline for BVS to disclose a rebuttal expert, if any, is **EXTENDED** to **November 2, 2012**.

3. The deadline for *completion* of all discovery is **EXTENDED** to **November 16, 2012**.

4. The deadline for filing dispositive motions is **EXTENDED** to **December 14, 2012**.

5. The trial now scheduled for January 22, 2013 is **CONTINUED**. The trial will be rescheduled by Chief Judge Linda R. Reade on a date not earlier than April 15, 2013.

DATED this 6th day of September, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA