# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| BVS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CDW DIRECT, LLC, <br><br> Defendant and Third-Party Plaintiff, <br><br> vs. <br><br> ARROW ELECTRONICS, INC., TSSLINK, INC. and NETAPP, INC., <br><br> Third-Party Defendants. | No. 11-CV-79-LRR <br><br> **ORDER** |

## I. INTRODUCTION

The matters before the court are Third-Party Defendant Arrow Electronics, Inc.'s ("Arrow") "Motion to Review Clerk's Order of Bill of Costs" ("Arrow Motion") (docket no. 208), Third-Party Defendant TSSLink, Inc.'s ("TSSLink") "Motion to Review Order of Bill of Costs" ("TSSLink Motion") (docket no. 209) and Third-Party Defendant NetApp, Inc.'s ("NetApp") "Motion to Review the Clerk's Order of Bill of Costs" ("NetApp Motion") (docket no. 210).

## II. RELEVANT PROCEDURAL HISTORY

On February 14, 2015, the court granted the third party defendants' motions for summary judgment. *See* February 14, 2015 Order (docket no. 179). On March 3, 2015, Arrow (docket no. 193), TSSLink (docket no. 194) and NetApp (docket no. 192) filed bills of costs. On March 4, 2015, the court entered an Order of Case Settlement (docket no. 195) with respect to Plaintiff BVS, Inc. ("BVS") and Defendant and Third-Party Plaintiff CDW Direct, LLC ("CDW"). On March 23, 2015, CDW filed objections to Arrow's

(docket no. 198), TSSLink's (docket no. 199) and NetApp's (docket no. 200) bills of costs. On March 30, 2015, the Clerk of Court declined to tax any costs to CDW for Arrow's (docket no. 203), TSSLink's (docket no. 204) and NetApp's (docket no. 202) bills of costs. Before deciding not to tax any costs, the Clerk of Court determined that the third-party defendants' requests for court costs were moot. On April 1, 2015, Arrow filed the Arrow Motion, TSSLink filed the TSSLink Motion and NetApp filed the NetApp Motion.

### III. ANALYSIS

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A party is a prevailing party when it "has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

Here, all third-party defendants have "been awarded some relief by the court," *id.*, by virtue of the court's order entering judgment in their favor. *See* February 14, 2015 Order (docket no. 179); Judgment (docket no. 180). Additionally, CDW concedes that all third-party defendants are prevailing parties as contemplated by Federal Rule of Civil Procedure 54. *See* CDW's Objections to Arrow's Bill of Costs (docket no. 198) at 2 ("[T]he Third-Party Defendants are the prevailing parties for purposes of Federal Rule of Civil Procedure 54(d)(1)."); CDW's Objections to TSSLink's Bill of Costs (docket no. 199) at 2 ("[T]he Third-Party Defendants are the prevailing parties for purposes of Federal Rule of Civil Procedure 54(d)(1).); CDW's Objections to NetApp's Bill of Costs (docket no. 200) at 2 ("[T]he Third-Party Defendants are the prevailing parties for purposes of Federal Rule of Civil Procedure 54(d)(1)."). Although BVS settled with CDW after the court granted judgment for the third-party defendants, such settlement has no bearing on the court-costs analysis of the third-party claims. That is, the third-party defendants, as

2

the prevailing parties, are entitled to recover court costs from CDW regardless of BVS and CDW settling BVS's claims.

## IV. CONCLUSION

In light of the foregoing, Third-Party Defendant Arrow Electronics, Inc.'s "Motion to Review Clerk's Order of Bill of Costs" (docket no. 208) is **GRANTED**, Third Party Defendant TSSLink, Inc.'s "Motion to Review Order of Bill of Costs" (docket no. 209) is **GRANTED** and Third Party Defendant NetApp, Inc.'s "Motion to Review the Clerk's Order of Bill of Costs" (docket no. 210) is **GRANTED**. The Clerk of Court is **DIRECTED** to assess and tax court costs to CDW Direct, LLC in accordance with Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

**IT IS SO ORDERED.**

**DATED** this 7th day of April, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA